IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JONATHAN CODY BAXTER | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 3:16-cv-01527 |
| | ) | Judge Trauger |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

I. Introduction

Pending before the Court are the Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence In Accordance With 28 U.S.C. § 2255 (Docket No. 1); Amended Motion To Vacate, Set Aside, Or Correct Sentence (Docket No. 2); the Government's Response (Docket No. 6); the Petitioner's Reply (Docket No. 9); the Government's Supplemental Response (Docket No. 11); the Petitioner's [Supplemental] Reply (Docket No. 12); and the Government's [Second Supplemental] Response (Docket No. 14). For the reasons set forth herein, the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence. (Docket Nos. 1, 2) is GRANTED. The Petitioner will be re-sentenced by separate order in Criminal Case No. 3:12-cr-00224.

II. Procedural Background

The Petitioner pled guilty, before now-retired Judge William J. Haynes, Jr., to unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j) and 924. (Docket Nos. 4, 5, 18

in Case No. 3:12cr00224). Through the Plea Agreement, the Petitioner acknowledged that he qualified as an Armed Career Criminal, and the parties agreed to a sentence of 180 months of imprisonment. (Docket No. 5, at 3-5, in Case No. 3:12-cr-00224). The parties also agreed that the Petitioner's sentence would run concurrently to the sentences imposed in two other federal cases in which the Petitioner entered guilty pleas on the same day. (Id., at 5-6). At the subsequent sentencing hearing, on November 8, 2013, Judge Haynes imposed the agreed 180-month sentence. (Docket Nos. 26, 27, 28 in Case No. 3:12cr00224). The record indicates that no appeal was taken.

### III. Analysis

A. 28 U.S.C. § 2255

The Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005)(quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

If a factual dispute arises in a § 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An

2

evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray,* 721 F.3d at 761; *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Id.*

Having reviewed the pleadings, briefs, and records filed in the Petitioner's underlying criminal case, as well as the filings in this case, the court finds it unnecessary to hold an evidentiary hearing to resolve the Petitioner's claims.

B. Johnson v. United States

Relying on *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Petitioner argues that his prior convictions for aggravated burglary and arson were improperly considered to be "violent felonies" under the ACCA and that he no longer qualifies to be sentenced as an Armed Career Criminal. In *Johnson,* the Supreme Court held that the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. The ACCA imposes a 15-year mandatory minimum sentence for defendants convicted of certain firearms offenses who have three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). The "residual clause" is part of the definition of "violent felony," as set forth below in italics:

> (2) As used in this subsection–
>
> * * *
>
> > (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for

such term if committed by an adult, that –

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*. . .

(emphasis added). In *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that the *Johnson* decision announced a substantive rule that applies retroactively on collateral review.

After the Petitioner filed his Motion To Vacate, the Sixth Circuit issued a decision holding that a conviction for aggravated burglary under Tennessee law does not qualify as a "violent felony" under the ACCA. *United States v. Stitt,* 860 F.3d 854 (6th Cir. 2017). Based on the *Stitt* decision, the Government concedes that the Petitioner's aggravated burglary convictions no longer qualify as violent felonies under the ACCA. (Docket No. 14). Consequently, the Government agrees that the Petitioner is entitled to be re-sentenced, and represents that the parties are attempting to reach a negotiated settlement.

Based on the decisions in *Johnson* and *Stitt* and in light of the Government's Response, the court agrees that the Petitioner no longer qualifies as an Armed Career Criminal and that he is entitled to be re-sentenced. Accordingly, the Motion To Vacate is GRANTED, and the Petitioner will be re-sentenced by separate order in Criminal Case No. 3:12cr00224.

ENTER this 24th day of October 2017.

_____
ALETA A. TRAUGER
U.S. District Judge